WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Chavarria,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Carolyn Colvin, Acting Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | No. CV 11-345-TUC-CRP<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. §406(b). (Doc. 25). For the following reasons, the Court will grant Plaintiff's Motion.

**DISCUSSION**

　　　　Plaintiff has been before this Court twice seeking to overturn Defendant's denial of Plaintiff's application for disability insurance benefits. The first instance resulted in a March 2008 Order from this District Court remanding the matter for further proceedings. (*See* Order, (Doc. 23), pp. 1-2). Plaintiff again sought judicial review when, after remand, his request for benefits was denied. (*Id.*). The Court found in favor of Plaintiff and remanded the matter for an immediate award of benefits. (Order (Doc. 23)). Plaintiff now seeks attorneys' fees in the amount of $24,041.73 pursuant to 42 U.S.C. §406(b)(1)(A). (Doc. 25). Plaintiff's counsel, Mr. Gravina, acknowledges that he received $8,043.21 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28

U.S.C. § 2412(d), and avows that he will refund that amount to Plaintiff if the instant motion is granted in full. (Motion, pp. 1-2; Affidavit (Doc. 26), ¶5).

Defendant takes no position on the instant motion, but notes that in light of the fact that counsel received fees under the EAJA, if fees are awarded under §406(b), then counsel must refund to Plaintiff the lesser of the two fee awards. (Response (Doc. 28), p. 3).

The fee agreement between Plaintiff and Mr. Gravina provides that Mr. Gravina will receive 25% of the past-due benefits awarded to Plaintiff as a result of Mr. Gravina's representation. (Affidavit, Exh. A). Mr. Gravina states in his affidavit that the past-due benefits awarded to Plaintiff amounted to $72,125.17, and the government withheld $24,041.73, which is 25% of the past-due amount, for direct payment of attorneys' fees. (Affidavit, ¶4).

Section 406 sets forth "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart,* 535 U.S. 789, 795-96 (2002). Section 406(b), "controls fees for representation…" before the court. *Id.* at 794. Pursuant to §40b(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

The Supreme Court, when discussing the term "reasonable fee" as used in §406(b), concluded that "§406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht,* 535 U.S. at 807 (footnote omitted). The Court also pointed out that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. §

406(b)(1)(A)) (footnote omitted). When assessing reasonableness of the fee sought, district courts "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue,* 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

Mr. Gravina submitted an affidavit supported by an itemization of services showing that he spent a total of 125.35 hours working on this matter while the case was pending before the Court. (Affidavit, ¶9 & Exh. C). The fee requested results in an hourly rate of $191.80 per hour. (Motion, p. 2). Upon consideration of the *Gisbrecht* reasonableness factors, the Court concludes that $191.80 per hour is a reasonable rate on the instant record. Mr. Gravina achieved a favorable result for Plaintiff and should be compensated to recognize the risks attendant to contingent fee litigation. Consequently, the Court will award Mr. Gravina $24,041.73 under § 406(b)(1)(A). However, as both parties have pointed out, Mr. Gravina must refund to Plaintiff the lesser of the fee awarded under 42 U.S.C. § 406(b) and any fees awarded under the Equal Access to Justice Act.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 25) is GRANTED. The Court hereby awards Plaintiff's Attorney, John A. Gravina, $24,041.73 in attorney fees pursuant to 42 U.S.C. § 406(b).

IT IS FURTHER ORDERED that Plaintiff's counsel shall refund to Plaintiff the lesser of the fee awarded under 42 U.S.C. § 406(b) and any fees awarded under the Equal Access to Justice Act.

Dated this 5th day of May, 2015.

**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE